UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
─────────────────────────────────────────────

LAURA PHILLIPS,

                       Plaintiff,

     -against-                                    6:16-CV-00219 (LEK/TWD)

LUCY DAWES, *et al.*,

                       Defendants.
─────────────────────────────────────────────

## DECISION AND ORDER

**I.    INTRODUCTION**

This matter comes before the Court following a Report-Recommendation and Order filed on July 14, 2016, by the Honorable Thérèse Wiley Dancks, U.S. Magistrate Judge, pursuant to 28 U.S.C. § 636(b) and Local Rule 72.3. Dkt. No. 10 ("Report-Recommendation and Order"). Pro se Plaintiff Laura Phillips timely filed Objections. Dkt. No. 11 ("Objections"). Also before the Court is Plaintiff's Letter Motion asking the Court to add a new defendant to the case. Dkt. No. 12 ("Letter Motion").

**II.    LEGAL STANDARD**

Within fourteen days after a party has been served with a copy of a magistrate judge's report-recommendation, the party "may serve and file specific, written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b); L.R. 72.1(c). If no objections are made, or if an objection is general, conclusory, perfunctory, or a mere reiteration of an argument made to the magistrate judge, a district court need review that aspect of a report-recommendation only for clear error. Barnes v. Prack, No. 11-CV-0857, 2013 WL 1121353, at *1 (N.D.N.Y. Mar. 18, 2013); Farid v. Bouey, 554 F. Supp. 2d 301, 306–07, 306 n.2 (N.D.N.Y. 2008); see also

Machicote v. Ercole, No. 06-CV-13320, 2011 WL 3809920, at *2 (S.D.N.Y. Aug. 25, 2011) ("[E]ven a *pro se* party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a second bite at the apple by simply relitigating a prior argument."). "A [district] judge . . . may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b). Otherwise, a court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Id.

Appeals from orders of a magistrate judge must be served and filed within fourteen days after a party has been served with a copy of the orders. Fed. R. Civ. P. 72(a). Orders that have been appealed are reviewed under the "clearly erroneous" or "contrary to law" standard. Id.; 28 U.S.C. § 636(b). An order is clearly erroneous where a reviewing court is left "with the definite and firm conviction that a mistake has been committed." United States v. U.S. Gypsum Co., 333 U.S. 364, 395 (1948). An order will be deemed contrary to law "'if it fails to apply or misapplies relevant statutes, case law or rules of procedure.'" N.Y. v. Oneida Indian Nation of N.Y., No. 95-CV-554, 2007 WL 2287878, at *11 (N.D.N.Y. Aug. 7, 2007) (Kahn, J.) (quoting Mitchell v. Goord, No. 03-CV-19, 2005 WL 701096, at *2 (N.D.N.Y., Mar. 21, 2005)).

### III. DISCUSSION

#### A. Plaintiff's Objections to the Report-Recommendation

Plaintiff makes twenty-seven objections to Judge Dancks's Report-Recommendation and Order. Objs. Most of the objections are not specifically directed at Judge Dancks's findings and recommendations. Instead, Plaintiff objects to, inter alia, her treatment at the hands of various

individuals associated with the case, id. ¶¶ 6–9, 14–16, 24, the failure of "judges and other governing bodies" to discern subtle discrimination, id. ¶ 12, and the standards governing the definition of disability under the Americans with Disabilities Act, id. ¶ 23. The objections that are addressed to the findings and recommendations of the Report-Recommendation and Order are simply conclusory statements of disagreement with Judge Dancks's conclusions. Id. ¶¶ 3–4, 17–20, 25–26. Because Plaintiff fails to make any specific objections to the recommendations of the Report-Recommendation and Order, the Court has reviewed those recommendations for clear error and has found none.

However, the Court notes that, according to the Report-Recommendation and Order, "[construed liberally], Plaintiff alleges numerous state tort claims against various of the individual Defendants." Rep.-Rec. and Order at 12. Keeping in mind the mandate to liberally construe pro se pleadings, Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 191 (2d Cir. 2008), the Court finds no basis in Plaintiff's pleadings for any state tort claims. Plaintiff appears to have filled out a Title VII form complaint for pro se litigants, and her factual allegations do not suggest anything beyond the Title VII and Americans with Disabilities Act claims discussed in Judge Dancks's Report-Recommendation and Order. Accordingly, Judge Dancks's recommendation that the Court not exercise supplemental jurisdiction over the supposed state tort claims is moot. If Plaintiff wishes to bring state tort claims, she may do so by filing an amended complaint that alleges facts raising such claims.

### B. Plaintiff's Appeal of Judge Dancks's Orders

Although Plaintiff does not explicitly state that she is appealing Judge Dancks's orders regarding the request to file under seal and the request for appointment of counsel, she does

object to these rulings in her Objections. Objs. ¶¶ 2, 3, 21. Bearing in mind Plaintiff's pro se status, the Court construes these objections as appeals from the orders issued by Judge Dancks. This appeal was timely filed. Upon review, the Court finds that Judge Dancks's treatment of these issues is not clearly erroneous or contrary to law. Accordingly, Plaintiff's appeal is dismissed.

### C. Plaintiff's Letter Motion

Plaintiff seeks to add "Susan Paoli, Personnel Administrator" as a defendant in this case. Letter Mot. She alleges that Paoli "had a direct hand in backlashing me for another state job two days before I was to report for duty and after I gave my two week notice." Id. Because the Court agrees with Judge Dancks's conclusion that Plaintiff's claims against the individual defendants in this case should be dismissed, the Court denies without prejudice Plaintiff's request to add a new individual defendant.

## IV. CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that the Report-Recommendation and Order (Dkt. No. 10) is **APPROVED and ADOPTED consistent with this Decision and Order**; and it is further

**ORDERED**, that Plaintiff's Title VII claim be allowed to proceed against defendant Central New York Psychiatric Center ("CNYPC"), and that defendant CNYPC is required to file a response in accordance with Rule 12 of the Federal Rules of Civil Procedure; and it is further

**ORDERED**, that the following claims are **DISMISSED with prejudice**: (1) Plaintiff's Title VII claims against defendants Lucy Dawes, Josie Slifka, Rosemary Palmer, Lisa Helmer, Dr. Siddigi, Dr. Stang, Christine Mandigo, Pat Bardo, Dr. Wapner, Dr. Crulla, and Walter P.

Bowler; (2) Plaintiff's ADA claims against Defendants CNYPC and Employee Health Service of New York State ("EHS"); (3) Plaintiff's ADA claims for monetary damages against defendants Lucy Dawes, Josie Slifka, Rosemary Palmer, Lisa Helmer, Dr. Siddigi, Dr. Stang, Christine Mandigo, Pat Bardo, Dr. Wapner, Dr. Crulla, and Walter P. Bowler; (4) and Plaintiff's Health Insurance and Portability Accountability Act claims; and it is further

**ORDERED**, that the following claims are **DISMISSED without prejudice**: (1) Plaintiff's Title VII claim against defendant EHS and (2) Plaintiff's ADA claims for equitable relief against defendants Lucy Dawes, Josie Slifka, Rosemary Palmer, Lisa Helmer, Dr. Siddigi, Dr. Stang, Christine Mandigo, Pat Bardo, Dr. Wapner, Dr. Crulla, and Walter P. Bowler, in their official capacities; and it is further

**ORDERED**, that the orders in the Report-Recommendation and Order are **AFFIRMED**; and it is further

**ORDERED**, that Plaintiff's appeal of the denial without prejudice of the request to file under seal is **DISMISSED**; and it is further

**ORDERED**, that Plaintiff's appeal of the denial without prejudice of the Motion to Appoint Counsel (Dkt. No. 4) is **DISMISSED**; and it is further

**ORDERED**, that Plaintiff's Letter Motion (Dkt. No. 12) seeking to add a new defendant to this case is **DENIED without prejudice**; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Decision and Order on Plaintiff in accordance with the Local Rules; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Decision and Order on defendant CNYPC in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED:   October 07, 2016
         Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge